UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

ARMANDO LLANO,

    Plaintiff, and all others similarly
    situated under 29 U.S.C. § 216(B),

vs.

VETERAN TRANSPORTATION SERVICE, INC.
a Florida corporation, and
CARLOS JIMENEZ, an individual,

    Defendants.

_____/

## COMPLAINT

Plaintiff, ARMANDO LLANO, sues Defendants VETERAN TRANSPORTATION SERVICE, INC., ( hereinafter "VETERAN") a Florida corporation, and CARLOS JIMENEZ, individually, and alleges:

1.    This is an action for unpaid overtime compensation, liquidated damages, attorney's fees and costs, pursuant to Section 16(b) of the Fair Labor Standards Act of 1938, Title 29 United States Code, Section 216(b), hereafter referred to as the "ACT".

2    Jurisdiction is conferred on this Court by Title 28 U.S.C §1337 and by Title 29 U.S.C §216(b).

3.    Venue is proper before this Honorable Court because all acts pertinent hereto occurred in Miami-Dade County, Florida.

4.    Plaintiff is over eighteen years of age, and maintains residence in Miami-Dade County, Florida within the jurisdiction of this Honorable Court and is otherwise *sui juris*.

5. At all times material hereto, Defendant VETERAN was a Florida corporation and was Plaintiff's employer.

6. At all times material hereto, Defendant VETERAN along with a corporation named NICE Transportation Service, Inc. are an integrated enterprise, engaged in interstate commerce or in the production of goods for commerce within the meaning of the Fair Labor Standards Act of 1938, as Amended, had gross income of more than $500,000.00, and thereby is subject to the provisions of that Act relating to the payment of overtime compensation to its employees.

7. In performing his job duties, Plaintiff was engaged in handling goods in interstate commerce.

8. At all times material hereto Defendant, CARLOS JIMENEZ, controlled significant day-to-day functions of the business, including determining salaries and the pay policies of Defendant VETERAN, and is therefore Plaintiff's employer and personally liable under the ACT.

9. Plaintiff was employed by Defendants from November, 2014 though May, 2016 as a driver.

10. The Defendants violated the ACT by reason of their failure to pay to Plaintiff overtime compensation at a rate of one-and-a-half times his regular rate for all hours worked in excess of 40 hours per workweek as is required by the ACT.

11. Attached hereto as an exhibit is an Employment Agreement wherein Defendants agreed to pay Plaintiff a salary of $550 per week. The Agreement further states that hours worked over 40 hours will be paid at the rate of $8.00 per hour.

12. Employers may not abridge the rights an employee has to overtime pay through an agreement.

13. Plaintiff should have been paid $20.63 an hour for all hours worked over 40 in a workweek.

14. In addition, Plaintiff was required to drive Defendant's passenger van home at the end of the work day. Plaintiff would not be compensated for time spent driving to his first pick-up in the morning and his last drop-off in the afternoon. This accounted for an extra one hour of work time not compensated by the Defendants.

15. Plaintiff therefore is owed the following in unpaid overtime:

   a) Approximately four hours a week of overtime for which Plaintiff was paid $8.00:

      $20.63 x 4 hours = $82.52 less $32.00 actually paid = $50.52 per week x 80 weeks of employment = $4,041.60.

   b) 5 extra hours not compensated at all:

      $20.63 x 5 hours = $103.15 x 80 weeks = $8,252.00.

   c) Total: $4,041.60 + $8,252.00 = $12,293.60.

16. Defendants' failure to pay overtime compensation to Plaintiff required under the provisions of the Act constitutes a willful violation of the Act thereby permitting Plaintiff to recover the unpaid overtime compensation plus liquidated damages for at least a three year period of time immediately preceding the date this action is filed through Plaintiff's last day of employment.

17. Defendants have demonstrated their willful intent to violate the Act in that they have been sued before for unpaid overtime, Case No. 09-22954-CMA, had no reasonable basis for

believing that Plaintiff was an exempt employee, or that the Defendants were not a covered entity under the Act.

18.  By reason of Defendants' violation of the Act, Plaintiff is entitled to recover all amounts provided by Section 16 of the Act including his unpaid overtime compensation plus an additional equal amount as liquidated damages.

19.  Plaintiff has retained the undersigned counsel and has agreed to pay him a reasonable fee for their services herein.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for unpaid overtime compensation, liquidated damages, prejudgment interest, trial by jury and reasonable attorney fees and costs as permitted by the Act.

> LAW OFFICE OF DAVID CHONIN
> 5775 Blue Lagoon Drive, Suite 300
> Miami, Florida 33126
> Phone: (305) 444-3000
> Fax: (305) 444-7788
> Email: davidchonin@yahoo.com
>
> By  *s/ David Chonin*
>       David Chonin
>       Florida Bar No. 066664